# FOURTH DISTRICT, 1896.

TEXAS & PACIFIC RAILWAY CO. v. I. G. GAAL.

Delivered October 7, 1896.

**1. Practice on Appeal—Record—Agreement in Lieu of Evidence.**
Where there was no evidence in support of a plea of limitations and nothing in lieu thereof except an agreement of counsel which does not appear to have been brought to the trial court's attention, and which is not embodied in the statement of facts, nor otherwise properly incorporated in the record, the refusal of the court to submit the plea is not ground for reversal.

**2. Railway Company—Liability for Negligence of Receiver.**
Where a large amount of the net income of a railroad while in the hands of a receiver was expended in permanent betterments, and the road was returned to the company without sale, the company is liable for negligence in its operation during the receivership.

APPEAL from El Paso. Tried below before Hon. C. N. BUCKLER.

*Peyton F. Edwards,* for appellant.

*Falvey & Davis,* for appellee.

JAMES, CHIEF JUSTICE.— *Conclusions of Fact.*—Appellee was the owner of the lot of wood which had been piled up for the purpose of shipment on both sides of a switch which was near the track of the G., H. & S. A. Railway Co., which track was used also by the appellant in operating its trains. There was more or less bark and rubbish on the right of way where the wood was piled, which was subject to be easily ignited by sparks from passing trains. There was evidence to show that one of appellant's trains had just passed at this point, when the wood was first observed to be on fire, and the circumstances are such as to warrant the jury in finding that the fire was communicated from the engine of that particular train, and as to preclude the conclusion that it started from any other cause. There is evidence that fire would not be communicated in that manner if proper spark arresters were used, and there was no evidence touching the condition of the appliances on said train. Appellee's wood thus set on fire was destroyed, and its value as proved was consistent with the verdict.

On the issue that appellant's road was at the time in the hands of a receiver and it was therefore not liable, we find that the evidence does not show that the road was in a receiver's hands at the time the fire occurred; also that it is shown that during the receivership, which was closed on October 26, 1888, by the road being returned to appellant without sale (the date the receivership began, or its duration not being shown) the receiver had expended over one million dollars of the net earnings in betterments of a permanent nature.

On the issue of limitations we find that there was no testimony presented to the court upon which such issue could be sustained, or considered.

*Conclusions of Law.*—There are several matters of defense presented for consideration. One is that there was no evidence that would reasonably lead to the inference that the fire was started from appellant's train. The testimony, although circumstantial, was amply sufficient to warrant the finding that such was the case. Another is that "the evidence established beyond controversy that plaintiff was guilty of contributory negligence in storing his wood on or near combustible matter, where it was likely to be set on fire by passing engines, no matter how well operated." The evidence is such that neither of these positions can be maintained, and it is not complained of that either issue was not correctly submitted.

The last assignment goes to the refusal of a charge asked by appellant, which was substantially the same as another charge asked by appellant and given.

The next assignment presented is to the refusal of the court to give the following instruction: "The defendant pleads the statute of limitation to the allegations that the defendant was negligent in permitting inflammable material to accumulate upon its right of way, and as this cause was not set up by plaintiff until the 16th of January, 1893, more

than two years after the fire, you will not consider the matter of ignitible material upon the track and exclude that from your consideration." The court not only refused to give this charge, but instructed the jury that there was no evidence to support the plea.

The amended original petition states that it amended the original petition filed March 20, 1889. What the cause or causes of action set up originally were, there is nothing in the record to indicate except an agreement signed by counsel and filed about the date of trial as follows: "It is agreed that the original petition made the Texas & Pacific the only defendant, and the allegations that defendant negligently permitted bark and other combustible material to accumulate and remain on the right of way and thereby caused fire to be communicated to plaintiff's wood was not in original petition." Assuming that the addition to the pleading would have made a difference in the cause of action, there was no error in ignoring the plea, for the reason that the above agreement does not appear to have been brought to the attention of the court on the trial. It is not in the statement of facts, and although in the transcript, it has no proper place there.

Appellant complains also of the court's failure to submit the issue of whether or not the wood was destroyed by the negligence of the receiver. The court disregarded this issue. Unless it could be inferred, from the fact that more than a million dollars had been expended by the receiver in improvements and the fact that the receivership terminated on October 26, 1888, that he had the property in his possession on April 6, 1888, when the fire happened, which we hold is not a necessary or admissible inference, there is no testimony that a receiver was operating defendant's line on that date. Had there been proof of such fact, the application by the receiver of the net income of the extent shown and the return of the road to appellant without a sale, these being admitted facts, would render the defendant liable. Railway v. Warner, 29 S. W. Rep., 503. There was then no necessity of submitting the issue to the jury.

The judgment is affirmed.                                    *Affirmed.*

Writ of error refused.

Neill, Associate Justice, did not sit in this case.